IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACCENTURE LLP,

               Plaintiff,

      v.

HARDEV SIDHU,

               Defendant.

NO. C10-2977TEH

ORDER REGARDING THE PARTIES' PROPOSED SEALING OF THE RECORD

        This matter comes before the Court via a joint stipulation and proposed order, submitted by the parties to this Court on October 11, 2011. The parties have stipulated to sealing of the record and files for this case as part of their settlement agreement, and now wish to seal the entire case record, including all pleadings and submissions by the parties.

        Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n. 7 (1978). Though the right of access to judicial records is not absolute, and some records have been traditionally kept secret for public policy reasons, there is, in general, a strong presumption in favor of access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In order to overcome this strong presumption, it is necessary that a party or parties "'articulate[] compelling reasons supported by specific factual findings "that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-1179. Examples of such compelling reasons are the potential for improper use of court records, such as to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

1  Though the parties mention, in their stipulation, the potential difficulty the Defendant
2  in this case may face going forward in regards to finding employment, the Court does not, at
3  this time, have sufficient facts on the record to meet the "compelling reasons" standard
4  described above.  For this reason, the Court now ORDERS the parties to submit briefing to
5  this Court, detailing for the Court what compelling reasons there may be why the record in
6  this case should be sealed.  Such briefing shall be submitted no later than Monday,
7  November 14, 2011.

**IT IS SO ORDERED.**

Dated:   10/13/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT