IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACCENTURE LLP,

            Plaintiff,

    v.

HARDEV SIDHU,

            Defendant.

NO. C10-2977 TEH

ORDER GRANTING IN PART AND DENYING IN PART SEALING OF RECORD

      This matter comes before the Court on the stipulation to seal the record in this case, submitted by the parties on October 11, 2011, which sought to seal the entirety of the record in this case, including all pleadings and submissions by the parties, indefinitely. This Court ordered further briefing on the basis for sealing the record on October 13, 2011, and, having received and considered the submitted briefing, now GRANTS IN PART AND DENIES IN PART the request to seal the record, for the reasons stated below.

**BACKGROUND**

      Defendant Hardev Sidhu ("Sidhu" or "Defendant") was an employee of Acceenture-Australia, the sister entity of Plaintiff Accenture LLP ("Accenture" or "Plaintiff"), when he was brought to the United States by Accenture to work on their behalf in San Francisco, CA. In March of 2009, Sidhu requested a leave of absence from Accenture to deal with a medical condition. The request was granted, and Sidhu went on leave, receiving pay and also doing some amount of work for Accenture during his absence from the office. He continued to access the company's secure online network, Knowledge Exchange ("KE") while on leave.

      Accenture claims that in June of 2009, Sidhu began working for HCL Axon, ("HCL"), a direct competitor of Accenture, and that this doubling of employment was not discovered by Accenture until April of 2010. In July of 2010, Accenture filed suit against Sidhu, and,

after amending their complaint in August of that year, allege violations of the Computer Fraud and Abuse Act (18 U.S.C. section 1030 et seq.) and the Uniform Trade Secrets Act (Cal. Civil Code section 3426 et seq.), as well as conversion, breach of contract, and breach of the duty of loyalty under Cal. Labor Code sections 2854 and 2859.  The first count, for violation of the Computer Fraud and Abuse Act, was dismissed on Plaintiff's motion in this Court's order of November 9, 2010.  Since that time, the parties appear to have reached a settlement agreement, which the parties wish to execute by December 15, 2011.

**LEGAL STANDARD**

The public has a "general right to inspect and copy public records and documents, including judicial records and documents,"  premised on the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n. 7, 598 (1978). As a result, there is a "strong presumption in favor of access" to judicial records, unless those records are of a sort "traditionally kept secret" such as grand jury transcripts.  *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

In order to overcome this presumption, a party seeking to have a record sealed must "articulate [ ] compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). The presumption can only be overcome "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986).

For its part, a Court ruling to seal a judicial record must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).  As a general rule, compelling reasons sufficient to justify sealing a judicial record exist in circumstances where "court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at

598. Examples of such improper purposes include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

**DISCUSSION**

Plaintiff Sidhu, in his brief supporting the request to seal the record, argues that the records he seeks to seal are being used for an improper purpose, and therefore there exists a compelling reason sufficient to rebut the presumption of access. Specifically, he argues that the statements contained in the initial complaint and the first amended complaint are libelous, intended to harm the reputation of Mr. Sidhu rather than state a basis for the claims brought by Accenture, and, furthermore, demonstrate an anticompetitive purpose on the part of Accenture in the filing of their suit. Mr. Sidhu devotes a great deal of his argument to the merits of the suit, which, compelling as his arguments may be, are not properly before the Court on the present motion. Here, the Court must determine whether there is a compelling reason to seal the record, a finding which is made likelier by a showing of the use of these records for an improper purpose.

On the whole, the complaints brought by Mr. Sidhu would tend to fall into the category of the embarrassment of a litigant–the filing of the suit against him, meritorious or not, has hurt his professional reputation and resulted in considerable media attention, which has further harmed Mr. Sidhu and brought about the rescinding of several offers of employment. The involvement of the media, and the manner in which the facts of this case are portrayed by various media outlets, is beyond the control of this Court at the present juncture. There has been no showing that the articles written which reference the record in this case are, in any way, using the case for an improper purpose–while the coverage has often been unflattering, there is no evidence that there was any maleficent intent towards Mr. Sidhu by the articles' authors. That harm which may be derived from the record in this case,

and is largely related to the fact of Mr. Sidhu's having been sued by his former employer and the allegations made, is not sufficient on its own to constitute a compelling reason, as it has not been demonstrated that the entirety of the judicial record has become the vehicle for an improper purpose.

However, Mr. Sidhu has also shown that portions of the complaint and the first amended complaint were written in such a way that strongly suggests they were intended to go beyond merely alleging a cause of action and serve the improper purpose of circulating libel and promote scandal relating to Mr. Sidhu.  Mr. Sidhu specifically highlights a statement in the first amended complaint which implies Mr. Sidhu is in the United States illegally–a fact which is neither demonstrated by any evidence in the record nor relevant to any of the claims against Mr. Sidhu.  Similarly needless and unfounded language is found elsewhere in both the original and amended complaints as well, including allegations of threats by Mr. Sidhu to "continue to exploit confidential and proprietary trade secrets" of Accenture.  The inclusion of unfounded accusations unrelated to the claims brought by Accenture suggests that the complaint and amended complaint are not being used merely to state the Plaintiff's claims, but also as a vehicle for character assassination.

Due to this language, the Court finds that the complaint and first amended complaint might have become the vehicle for improper purposes, and therefore compelling reasons exist to seal the complaint and the first amended complaint.  However, with regards to the rest of the record, Mr. Sidhu has not presented specific justification for sealing–the only documents directly discussed in the briefing are the complaint and first amended complaint.  As compelling reasons to seal have not been shown for the remainder of the record, the remainder of the record shall remain public.

Mr. Sidhu has requested that the documentation supporting his brief be sealed, and has provided articulable facts to support a finding that the declaration should be sealed – namely, that the declaration contains information that Accenture has marked confidential, and which Accenture claims constitutes trade secrets and that the declaration contains confidential

4

information about Mr. Sidhu's employment history as well. Accordingly, the documents supporting the brief of Mr. Sidhu regarding record sealing shall also be sealed.

**CONCLUSION**

For the reasons set forth above, the request to seal the complaint and first amended complaint is hereby GRANTED. The declaration in support of the brief of Mr. Sidhu shall also be sealed.

**IT IS SO ORDERED.**

Dated:   12/6/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT